UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH K. NORRIS, | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00701 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Joseph K. Norris, a state prisoner, filed a *pro se* petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1.) The Court granted Petitioner pauper status (Doc. No. 7), and, after allowing Petitioner an opportunity to provide the Court with additional information (*id.*), dismissed the Petition under the Habeas Rules because it was barred by the one-year statute of limitations for the filing of federal habeas corpus petitions. (Doc. No. 9 (citing 28 U.S.C. § 2244(d)(1)). Petitioner has submitted a "Response" that the Court construes as a motion for reconsideration of the dismissal order. (Doc. No. 10.)

There is no federal procedural rule permitting a motion for reconsideration. However, the Court may look to Federal Rules of Civil Procedure 59(e). *See Banister v. Davis*, 140 S. Ct. 1698, 1705-08 (2020) (holding that habeas petitioners are entitled to timely move to alter or amend a judgment under Rule 59(e) to rectify a court error without triggering requirements for a second or successive petition). Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Because Plaintiff made this filing 10 days after

the entry of judgment,[1] the Court construes it as a Rule 59(e) motion. A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The movant may not use Rule 59 to re-argue the case or to present arguments or evidence that should have been before the court at the time judgment entered. *Banister*, 140 S. Ct. at 1703 (citing 11 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2012)); *Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Petitioner's Rule 59(e) Motion does not argue that the has been a clear error of law or a change in controlling law. Nor does Petitioner offer newly discovered evidence. Rather, Petitioner attempts to reargue his prior case for equitable tolling. This is not a proper purpose of a Rule 59(e) motion. Even if the Court were to indulge the Petitioner and assume that argues that the Court's decision has resulted in manifest injustice, the Rule 59(e) Motion provides an insufficient basis for a different result.

Petitioner contends that was unfairly denied the benefit of equitable tolling. A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

---

[1] Under the prison mailbox rule, the Court deems a document filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Absent contrary evidence, the Court presumes a prisoner does so on the date he signs the filing. *See id*. (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

The Rule 59(e) Motion does not establish that Petitioner is entitled to equitable tolling. First, Petitioner again references certain medical problems. (Doc. No. 9.) However, he does not explain how those problems prevented him from diligently pursuing his rights throughout the entire limitations period. Second, Petitioner again asserts that he is indigent, and contends that he was not given sufficient "paperwork or legal help." (*Id*.) However, as this Court has explained, "pro se status and limited law-library access" are not "extraordinary circumstances" sufficient to invoke equitable tolling. *See Hall, v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011). Third, Petitioner again asserts that he was "place[d] on lock down due to gang stuff a lot." (Doc. No. 1.) However, Petitioner fails to provide sufficient detail that would enable the Court to evaluate the duration and impact of those restrictions. Accordingly, this vague assertion cannot be the basis for equitable tolling.

Fourth, Petitioner asserts that he was unable to "get a habeas corpus form" from his facility. (*Id*.) This argument is unpersuasive. If a blank federal habeas form was not available at Petitioner's state facility, he could have requested a copy directly from the Clerk of this Court for no charge. Habeas Rule 2(d); *Rippy v. Crawford*, No. 3:13-cv-00150, 2013 WL 793292, at *3 (M.D. Tenn. Mar. 4, 2013) (explaining that a petitioner may obtain the appropriate forms for filing a habeas corpus petition from the Clerk's Office). Moreover, even if Petitioner had been prevented from writing to the Clerk's Office, he was not required to use the actual form to assert his rights. *See* Habeas Rule 2(d) (explaining that a petitioner may "substantially follow" a local or model form). To timely institute a federal habeas action, Petitioner need only have provided a "relative minimal amount of information." *Beasley v. Westbrooks*, No. 3:16-cv-3049, 2017 WL 2376926, at *4 (M.D. Tenn. June 1, 2017). Here, however, Petitioner did not timely assert his rights by either requesting

a federal habeas form from the Clerk of Court or making any type of original filing. Accordingly, equitable tolling is not warranted on this ground.

Fifth, Petitioner asserts that a prison legal aide misinformed him that the statute of limitations was two years. (Doc. No. 1.) However, Petitioner filed the Petition approximately 17 months past the one-year deadline. (*See* Doc. No. 7.) Thus, even if Petitioner had been under the (incorrect) impression that the statute of limitations was two years, he nevertheless missed *that* deadline by approximately five months. Accordingly, this argument is of no assistance to Petitioner. Finally, Petitioner suggests that "they lost my mail." (Doc. No. 1.) However, he provides no information regarding what mail was lost, when it was lost, or the impact of the lost mail. Accordingly, the Court cannot conclude that Petitioner's right of access to the courts has been denied. *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019); *RonRico Simmons, Jr. v. United States of America*, 974 F.3d 791 (6th Cir. 2020).

Accordingly, finding no manifest injustice in the denial of equitable tolling or the dismissal of the Petition, Petitioner's Rule 59(e) motion (Doc. No. 10) is **DENIED**. This case remains closed.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE